IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| PAUL ALEXANDER | § | |
| v. | § | CIVIL ACTION NO. 6:10cv668 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Paul Alexander, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of the state post-conviction proceedings in his case. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Alexander states that he was convicted of aggravated sexual assault in 2004, for which he received deferred adjudication that was later revoked. He says in his petition that he is not challenging the judgment of conviction, but that he is claiming "a violation of due process in the disposition of his writ of habeas corpus filed in the trial court pursuant to Article 11.072 of the Texas Code of Criminal Procedure." He says that his state habeas claims have not been adjudicated on the merits, in violation of state constitutional, statutory, and procedural law. Alexander also discussed mandamus proceedings, although he indicates that this was relief that he sought from the Texas Court of Criminal Appeals and not the federal court.

After review of the proceedings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge stated that errors in the conduct of state habeas proceedings do not show that a petitioner is held in custody in violation of the Constitution or laws

1

of the United States, and thus such errors do not give rise to grounds for federal habeas corpus relief. Duff-Smith v. Collins, 973 F.2d 1175, 1182 (5th Cir. 1992); Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). This is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself. Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995). Because Alexander made clear that his challenge was to the state post-conviction proceedings and not the conviction, the Magistrate Judge concluded that he had not set forth a valid claim for federal habeas corpus relief.

Alexander filed objections to the Report of the Magistrate Judge on January 3, 2011. In his objections, Alexander cites a case from the First Circuit which holds that state post-conviction proceedings may be challenged through federal habeas corpus. Dickerson v. Walsh, 750 F.2d 150 (1st Cir. 1984). While this is in fact the holding of Dickerson, the U.S. District Court for the Eastern District of Texas is bound to follow Fifth Circuit authority, and the Fifth Circuit has held to the contrary. *See* Trevino, 168 F.3d at 180 (noting disagreement with Dickerson); Heiselbetz v. Johnson, 190 F.3d 538, 1999 WL 642862 (5th Cir., July 26, 1999) (noting disagreement with Dickerson). His objection on this point is without merit.

Alexander also discussed mandamus proceedings, and the Magistrate Judge correctly stated that the federal courts do not have jurisdiction to issue writs of mandamus against the state courts. Alexander does not object to this aspect of the Report, but explains that his discussion of mandamus reflected the relief which he sought from the Texas Court of Criminal Appeals. The Magistrate Judge did not err in concluding that to the extent that Alexander may have sought mandamus relief in federal court, such relief is not available.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Paul Alexander is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 6th day of January, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**